IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLIFTON D. TUELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-16-92-D |
| v. | ) | |
| | ) | |
| BLANE COUNTY COURTS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed upon filing.

In his Complaint filed in this action on February 2, 2016, Plaintiff alleges that "Blane County Courts" in Watonga, Oklahoma, violated his rights because he has been unable to pay his fines imposed in an unidentified previous criminal case filed in that state court and he was detained for nonpayment of his fines. As relief, Plaintiff seeks monetary damages and the dismissal of the "cost" associated with this unidentified criminal case.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant,

1

such as Plaintiff, who is proceeding *in forma pauperis*, the court has a duty to screen the complaint to determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

II. Eleventh Amendment Immunity for State Court

The Eleventh Amendment bars an action for money damages in federal court against a state by the citizens of that state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). See Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006)(citation omitted)(holding "[n]onconsenting States may not be sued by private individuals in federal court" absent express waiver of immunity or express abrogation of state's immunity by Congress). This immunity extends to actions against a state agency or entities considered an arm of the state, Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), and to state officials acting in their official capacities. Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). The State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court. Okla. Stat. tit. 51, § 152.1. Further, the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).

"As a general matter, state courts are considered arms of the state." 13 Charles Alan Wright et al., Federal Practice and Procedure § 3524.2, at 324–25 (3d ed. 2008). Defendant "Blane County Courts," which the undersigned assumes is the District Court of Blaine County, is a state court, and, as such, it is considered an arm of the state entitled to sovereign immunity. See Edwards v. Whetsel, No. CIV-08-134-F, 2009 WL 368487 (W.D.Okla. Feb. 13, 2009)(Friot, D.J.)(dismissing 42 U.S.C. § 1983 action against Oklahoma County District Court pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) based on Eleventh Amendment immunity); Colter v. Whetsel, No. CIV-08-449-W, 2008 WL 4919384 (W.D. Okla. Nov. 17,

2008) (finding Oklahoma County District Court operates as arm of the state entitled to Eleventh Amendment immunity and dismissing court pursuant to 28 U.S.C. § 1915A(b) on ground of immunity). Plaintiff has not alleged or shown a waiver of the State's immunity.

Therefore, this Court lacks jurisdiction to consider Plaintiff's 42 U.S.C. § 1983 action seeking damages from Defendant "Blane County Courts." See Fent v. Okla. Water Res. Bd., 235 F3d 553, 559 (10th Cir. 2000) (Eleventh Amendment immunity constitutes a bar to the exercise of federal court's jurisdiction). The action should therefore be dismissed on the bases of Defendant's sovereign immunity and for failure to state a viable claim for relief against Defendant "Blane County Courts."

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED upon filing pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) on the basis of immunity and failure to state a viable claim for relief against the Defendant.

It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___ March 28th , 2016, in accordance with 28 U.S.C. §636

4

and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __7th__ day of __March__, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE